IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRANCE D. WILLIAMS,

          Petitioner,

v.

ANTHONY WILLS,

          Respondent.

Case No. 26-CV-00517-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Terrance D. Williams is an inmate presently housed at Menard Correctional Center in Illinois. He filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons stated below, the Petition is **DENIED**.

### FACTUAL AND PROCEDURAL BACKGROUND

Williams was convicted of one count of being an armed habitual criminal in that he knowingly possessed a firearm after being convicted of residential burglary and of unlawful use of a firearm by a felon in Jefferson County Case Nos. 2016-CF-44 and 2016-CF-43. *See People v. Williams*, No. 21-CF-101 (Ill. Cir. Ct. Mar. 8, 2021); (*see also* Doc. 1, pp. 1, 13). He was sentenced to twenty-five years in prison; his projected release date is March 27, 2037.[1]

---

[1] *See Individual in Custody Search*, ILL. DEPT. CORR., https://idoc.illinois.gov/offender/inmatesearch.html

ANALYSIS

The Supreme Court has established that habeas petitions are only appropriate where "success in [the] action would necessarily demonstrate the invalidity of confinement or duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Additionally, "the Supreme Court has long held that a civil rights action brought pursuant to 42 U.S.C. § 1983 is the proper vehicle for challenging a condition of confinement, such as the BOP's security rating of an inmate or the inmate's facility designation." *Pinkney v. U.S. Dep't of Just.*, No. 07-CV-106, 2009 WL 277551 (N.D.W. Va. Feb. 5, 2009).

Furthermore, "a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief." 28 U.S.C. § 2254(b)(1); *see also Parker v. Duncan*, No. 3:15-cv-00326-DRH, 2015 WL 1757092 (S.D. Ill. April 15, 2016) (citing *Moleterno v. Nelson*, 114 F.3d 629, 633 (7th Cir. 1997)). Critically, a state petitioner can challenge his confinement under § 2254 *only* after having exhausted both administrative remedies and state judicial remedies, including one complete round of state appellate review. *VanSkike v. Sullivan*, No. 18-cv-2138-NJR, 2019 WL 6327195, at * 2 (S.D. Ill. Nov. 26, 2019). The exhaustion doctrine is "designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

[https://perma.cc/XNJ7-JQEU] (last visited Apr. 21, 2026) (search for "Williams, Terrance").

The failure to exhaust is a procedural bar that may be excused only if a habeas petitioner can "show cause and prejudice for failing to fairly present his or her claim to the state courts or that a fundamental miscarriage of justice will occur." *McAtee v. Cowan*, 250 F.3d 506, 509 (7th Cir. 2001). Under this test, "cause" must be something "external to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *see also id.* ("For example, 'a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that "some interference by officials" . . . made compliance impracticable, would constitute cause under this standard.'" (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986))). The Seventh Circuit has held that "a state-law remedy can become ineffective or unavailable by virtue of delay if the delay is both inordinate and attributable to the state." *Evans v. Wills*, 66 F.4th 681, 682 (7th Cir. 2023) (citing *Carter v. Buesgen*, 10 F.4th 715, 723–24 (7th Cir. 2021); *Lane v. Richards*, 957 F.2d 363, 364–66 (7th Cir. 1992)).

Petitioner Williams alleges that he was he was convicted of a crime that had not yet occurred because of a date discrepancy between the Information and testimony of a law enforcement officer, violating his rights under the Fifth, Sixth, and Fourteenth Amendments (Ground One); that the state trial judge lacked jurisdiction to impose a sentence on him because he lacked jurisdiction to preside over a Class X felony sentencing without Supreme Court authorization, violating his rights under the Fourteenth Amendment (Ground Two); that the state court utilized "Admin Review" sessions to issues dispositive rulings against him in violation of the Fourteenth Amendment (Ground Three); and that the state added a new charge one

hour prior to sentencing, depriving him of his right to effective assistance of counsel in violation of the Sixth Amendment (Ground Four). (*See* Doc. 1).

Williams states in his Petition that he filed a post-conviction petition in the Second Judicial Circuit Court on May 25, 2023; he relates that this petition was denied on June 6, 2023 and affirmed by the appellate court on February 5, 2024. (Doc. 1, p. 2); *see People v. Williams*, 2024 IL App (5th) 230442-U. The Illinois Appellate Court wrote that "the circuit court did not err in finding that the defendant's postconviction petition was frivolous and patently without merit." 2024 IL App (5th) 230442-U, ¶ 1. The Illinois Appellate Court also confirmed that Williams did not take a direct appeal of his 2021 conviction. *Id.*, ¶ 2. Williams did not appeal the ruling on his postconviction petition to the Illinois Supreme Court; he states that he did not appeal because "the state corrective process is absent, ineffective, and fraudulent" and that the "state process if fraudulent and futile under 28 U.S.C. § 2254(B)." (*Id.*, p. 3). However, he does not provide *any* additional details as to how state law remedies have been rendered ineffective or unavailable to him. *Evans v. Wills*, 66 F.4th 681, 682 (7th Cir. 2023) (citing *Carter v. Buesgen*, 10 F.4th 715, 723–24 (7th Cir. 2021); *Lane v. Richards*, 957 F.2d 363, 364–66 (7th Cir. 1992)). Thus, Williams has entirely failed to "show cause and prejudice for failing to fairly present his or her claim to the state courts" or any evidence of "a fundamental miscarriage of justice." *McAtee v. Cowan*, 250 F.3d 506, 509 (7th Cir. 2001).

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

petition." Considering the above, Williams's Petition must be dismissed for failure to exhaust state court remedies.

CONCLUSION

For the reasons set forth above, Petitioner Terrance D. Williams's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and this case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."

To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Williams has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of this case debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:    April 22, 2026**

_____

**STEPHEN P. McGLYNN**
**U.S. District Judge**